IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JACLYN KELLEY, Individually, and | § | |
| JOSHUA KELLEY, Individually, and as | § | |
| Personal Representative of the Estate of A. K. | § | |
| | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-cv-231 |
| | § | |
| FISHER-PRICE, INC., MATTEL, INC., and | § | |
| AMY RENEE WILLIAMS a/k/a AMY | § | |
| MORIN, | § | |
| Defendants. | § | |

## DEFENDANTS MATTEL, INC.'S AND FISHER-PRICE, INC'S <u>NOTICE OF REMOVAL BASED ON IMPROPER JOINDER</u>

Under 28 U.S.C. §§ 1441 and 1446, Defendants Mattel, Inc., and Fisher-Price, Inc. (collectively, "Defendants"), give notice that they remove this action from the 347th Judicial District Court of Nueces County, Texas, to the United States District Court for Southern District of Texas, Corpus Christi Division. In support of removal, Mattel respectfully shows the Court as follows:

### I. INTRODUCTION AND PROCEDURAL HISTORY

On October 14, 2019, Plaintiffs Jaclyn Kelley, individually, and Joshua Kelley, individually and as personal representative of the Estate of A.K., filed suit in the 347th Judicial District Court of Nueces County, Texas, (the "State Court Action"). Plaintiffs' Original Petition alleged negligence, strict liability, fraud, fraudulent inducement, and breach of warranty claims against Defendants relating to the design, testing, manufacture, marketing, sale, and distribution of the Fisher-Price Rock 'n Play Sleeper. *See generally* Plaintiffs' Original Petition, attached as **Exhibit A**. Despite having named Co-Defendant Amy Williams a/k/a Amy Morin as a party to the

action, the only allegation about Ms. Morin was that she placed A.K. into a Rock 'n Play Sleeper while A.K. was under her care. Exhibit A, at ¶ 9. Not a single cause of action was alleged against Ms. Morin, which gave rise to Defendants' suspicion that she was included in the suit only to serve as a diversity-destroying defendant. For this reason, on November 27, 2019, Defendants removed the case to the United States District Court for the Southern District of Texas, Corpus Christi Division, because of improper joinder. *See generally* Notice of Removal, dated November 27, 2019, attached as **Exhibit B**.

Plaintiffs moved to remand on December 9, 2019, arguing that Ms. Morin was not improperly joined. *See* Plaintiffs' Motion to Remand, dated December 9, 2019, at ¶ B, attached as **Exhibit C**. The Court originally denied Plaintiffs' Motion to Remand, finding they failed to state a plausible claim against Ms. Morin and that she was improperly joined. Order, dated January 6, 2020, at p. 4, attached as **Exhibit D**. Plaintiffs then sought leave to amend their Complaint so they could assert a cause of action against Ms. Morin. *See* Plaintiffs' Motion for Reconsideration and Relief from Order Denying Motion to Remand and Alternative Motion for Leave to Amend Complaint, attached as **Exhibit E**. The Court permitted the amendment in an order dated February 11, 2020. Order, dated February 11, 2020, attached as **Exhibit F**. Plaintiffs then renewed their Motion to Remand, and on May 27, 2020, the Court remanded the case to the 347th Judicial District Court for Nueces County, Texas. Order, dated May 27, 2020, attached as **Exhibit G**.

Once discovery began in the state court proceedings, Defendants diligently investigated the circumstances surrounding Ms. Morin's joinder. As set forth below, the testimony adduced during Ms. Morin's August 31, 2021 deposition, as well as Plaintiffs' other litigation conduct, including their complete failure to actually pursue and litigate their claim against Ms. Morin, confirms that Ms. Morin's joinder to this suit was nothing more than "manipulation of the removal

2

statute" and a "transparent attempt" by Plaintiffs to defeat diversity jurisdiction and keep the case in Texas State Court. *See Dyer v. Capital One N.A.*, No. 4:20-CV-4230, 2012 WL 3813367 at *3 (S.D. Tex. Aug. 23, 2021).

With Ms. Morin's testimony, the record is now clear that Plaintiffs' inclusion of Ms. Morin as a defendant was improper and solely to destroy diversity. Under Fifth Circuit precedent, Defendants' removal of this case to this Court is proper because Ms. Morin was improperly joined, and when Ms. Morin's citizenship is ignored, diversity of citizenship exists between the properly-joined parties.

## II. REMOVAL PROCEDURE

This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. § 1446(a).

Under 28 U.S.C. § 1446(a), the Federal Rules of Civil Procedure, and Local Rule 81, this Notice of Removal is accompanied by the following, which are attached as Exhibits A-N:

    a.   Plaintiffs' Original Petition;

    b.   Defendants' Notice of Removal;

    c.   Plaintiffs' Motion to Remand;

    d.   Order, dated January 6, 2020;

    e.   Plaintiffs' Motion for Reconsideration and Relief from Order Denying Motion to Remand and Alternative Motion for Leave to Amend Complaint;

    f.   Order, dated February 11, 2020;

    g.   Order, dated May 27, 2020;

    h.   Plaintiffs' First Amended Complaint;

    i.   Affidavit of Amy Morin;

    j.   Relevant excerpts from the August 31, 2021 deposition of Amy Morin;

    k.   Defendants' Motion to Dismiss Defendant Morin for Improper Joinder;

l.   The docket sheet in the State Court Action;

m.  A list of all counsel of record, including addresses, telephone numbers, and parties represented; and

n.   An index of matters.

A copy of this Notice of Removal will also be filed in the State Court Action under 28 U.S.C. 1446(d).

### III. REMOVAL JURISDICTION

Defendants originally removed this case within the 30-day period provided by 28 U.S.C. § 1446(b)(1). However, the case was remanded to Texas State Court, where Plaintiffs and Defendants began to engage in discovery and litigate Plaintiffs' claims. Plaintiffs have not, during this time, litigated their negligence claim against Co-Defendant Ms. Morin. While Plaintiffs' post-remand litigation conduct and failure to actively pursue their claim against Ms. Morin hinted at their bad faith efforts to deprive this Court of jurisdiction, the full extent of Plaintiffs' conduct did not come to light until Ms. Morin testified at her deposition on August 31, 2021—just a few weeks ago.  That testimony, set forth in detail below, confirms that Plaintiffs collaborated with Ms. Morin to appear as a defendant solely to defeat diversity and thereby deprive this Court of jurisdiction, without any intention of pursuing damages from her as a defendant in the action.

Although this case has been pending for more than a year, 28 U.S.C. § 1446(c)(1) permits Defendants' removal of this case based on what Defendants learned during Ms. Morin's August 31, 2021 deposition as well as Plaintiffs' litigation conduct in not pursuing their claim against Ms. Morin.

### A.    Standard for Removal Under 28 U.S.C. § 1441

Under 28 U.S.C. § 1441, removal is proper if the district court to which the case is removed has original subject matter jurisdiction of the action. Federal courts have subject matter jurisdiction

for diversity cases where the suit involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

    **B.**    **The Properly-Joined Parties to this Action Are Diverse Under Section 1332 and the Amount in Controversy Exceeds $75,000.**

        Complete diversity of citizenship exists between all properly-joined parties to this action. A person is a citizen of the state where that person is domiciled—that is, where the person has established a fixed habitation or abode, intending to remain there permanently or indefinitely. *See Coury v. Prot*, 85 F.3d 244, 248-50 (5th Cir. 1996). A corporation, on the other hand, is a citizen of both the state where it is incorporated and the state where its principal place of business is located. *See* 28 U.S.C. § 1332(c)(1); *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

        Here, Plaintiffs are residents of Nueces County, Texas. Plaintiffs' First Amended Complaint, at ¶ 4, attached as **Exhibit H**. Minor A.K. was a resident of Nueces County, Texas. *Id.* As correctly alleged by Plaintiffs, Defendant Mattel, Inc. is a Delaware corporation, and its principal place of business is in California. *See id.* at ¶ 6. Therefore, under 28 U.S.C.§ 1332(c)(1), Mattel, Inc. is deemed to be a citizen of both Delaware and California, and is not a citizen of Texas. Defendant Fisher-Price, Inc. is a Delaware Corporation with its principal place of business in New York. *See id.* at ¶ 5. Therefore, under 28 U.S.C. § 1332(c)(1), Fisher-Price, Inc. is deemed to be a citizen of both Delaware and New York, and is not a citizen of Texas. Thus, complete diversity exists between Plaintiffs and Defendants, Mattel, Inc. and Fisher-Price, Inc. *See* 28 U.S.C. § 1441(b).

        Plaintiffs allege they seek monetary relief over $1,0000,000 (**Ex. H**, at p. 46), and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is also met.

**C.     This Removal is Based on Plaintiffs' Improper Joinder of Co-Defendant Amy Morin and Bad Faith in Preventing Defendants from Removing the Action at an Earlier Date.**

The Fifth Circuit has made it clear that joinder of a party solely to destroy diversity is improper and impermissible. Fraudulent joinder or "improper joinder" can be established in two ways: (1) actual fraud in the pleadings, or (2) the inability of the plaintiff to establish a cause of action against the nondiverse party in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

In addition, a case may be removed under 28 U.S.C. § 1446(b)(3) based on diversity jurisdiction more than a year after a case is filed when the district court finds that the plaintiff acted in bad faith to prevent a defendant from removing the action. 28 U.S.C. § 1446(c)(1). Conduct rises to the level of bad faith when a party manipulates the removal statute or makes a "transparent attempt" to avoid federal jurisdiction. *Flores v. Intex Recreation Corp.*, No. 2:20-CV-73, 2020 WL 6385679, at *2 (S.D. Tex. July 2, 2020) (finding a "half-hearted" and "pretextual" pursuit of a claim against a non-diverse defendant to be in bad faith); *see also Dyer*, 2012 WL 3813367 at *3. Here, Plaintiffs improperly joined Ms. Morin to defeat diversity jurisdiction, and Plaintiffs' actions in this case demonstrate that Plaintiffs have engaged in bad faith in an attempt to deprive this Court of jurisdiction.

1.     <u>Ms. Morin Was Improperly Joined as the Record Now Shows Plaintiffs Have No Intent to Pursue Claims Against Her.</u>

There can be no clearer case of improper joinder than that demonstrated here. Plaintiffs have made every attempt to avoid asserting a claim against Ms. Morin —even though they need her to deprive the Court of jurisdiction—and only added a claim against her as a last resort. As set forth above, in Plaintiffs' Original Petition, despite naming Ms. Morin as a party, Plaintiffs included only a single allegation about her conduct, and they did not make even a half-hearted attempt to assert a cause of action against her. *See* **Ex. A**, Pls.' Original Petition. When Defendants

6

asserted that Ms. Morin was improperly joined solely to defeat diversity jurisdiction, Plaintiffs argued they *could* assert a cause of action against Ms. Morin and even went so far as to argue they had, despite their Original Petition being completely devoid of any such claim. *See generally* **Ex. C**, Pls.' Motion to Remand. Only after the Court issued its order denying Plaintiffs' request to remand did they seek leave to add a claim against Ms. Morin.

Plaintiffs' initial reluctance to affirmatively assert a claim against Ms. Morin set to the side, discovery has now confirmed Plaintiffs have no intention of pursuing Ms. Morin as a defendant. During a deposition of Ms. Morin on August 31, 2021, Defendants questioned Ms. Morin about an Affidavit she signed in November 2019 immediately before Defendants' original removal of this case. In the Affidavit, Ms. Morin claims, among other things, that the Rock 'n Play Sleeper has a "defective and dangerous design," and concluded that the product "causes infants to be stuck in positions in which they are unable to breath [sic]." *See* Affidavit, attached as **Exhibit I**. During her deposition, however, Ms. Morin admitted that Plaintiff Joshua Kelley's mother **helped her prepare the affidavit**:

> Q. -- Mrs. Morin? And did anyone help you write this? Did anyone help you write this affidavit?
>
> A. Do I have to answer that?
>
> Q. You do.
>
> A. Yes.
>
> Q. Who helped you? Who helped you write it?
>
> A. I have to answer?
>
> Q. You do.
>
> A. Glenda Kelley.
>
> Q. Who is Linda Kelley?
>
> A. Glenda Kelley.

Q. Who is Glenda Kelley? I'm sorry.

A. It's the Kelley's -- Josh Kelley's mother.

Q. So Josh Kelley's mother, Baby [A.K.'s] grandmother, helped you write this?

A. Correct.

Deposition of Amy Morin, August 31, 2021, at 83:22-84:12, excerpts attached as **Exhibit J**.

When asked about her motivations in signing the Affidavit, Ms. Morin testified her understanding was that she was being sued because Plaintiffs needed a Texas resident in their case, and Plaintiffs knew Ms. Morin was guilty of no wrongdoing:

Q. Did she call you and tell you that she'd be willing to help you write an affidavit because she knew you didn't do anything wrong or something like that?

A. Correct.

Q. And so did she tell you that her childrens' [sic] lawyers were only suing you to keep the case in state court?

A. Correct. Oh, I don't know. Can you repeat that?

Q. Yeah.

A. I'm sorry.

Q. Sure. Did she tell you that the only reason that her childrens' [sic] lawyers were suing you was to keep the case in this court, that they needed a state resident?

A. Yes.

Q. She did tell you that?

A. (Witness nods head.)

*Id.* at 84:13-85:3.

In other words, Plaintiffs, acting through Plaintiff Joshua Kelley's mother, **collaborated with Ms. Morin to develop evidence adverse to Defendants while assuring Ms. Morin she was**

**being kept in the case as a co-defendant only to destroy diversity so the case would not be litigated in federal court**.[1] The admission that Ms. Morin was joined for the sole purpose of defeating diversity jurisdiction is more than enough evidence to demonstrate improper joinder by Plaintiffs.

Furthermore, Plaintiffs' actions in the litigation confirm they have no intention of pursuing claims against Ms. Morin. For instance, despite Ms. Morin having been named as a party and served with notice of the suit on October 28, 2019, Ms. Morin has never filed an answer in this case—not in state court, nor in federal court. And despite Ms. Morin having failed for nearly **two years** to file an answer, Plaintiffs have never moved for a default judgment against her. In addition, Defendants are not aware of a single discovery request served by Plaintiffs on Ms. Morin. These are not the actions of Plaintiffs intending to pursue legitimate claims against a defendant and further support the conclusion that Ms. Morin was improperly joined.

2.    <u>Plaintiffs Acted in Bad Faith, Such That Removal Is Timely.</u>

The facts demonstrating Plaintiffs' improper joinder of Ms. Morin also establish the bad faith necessary to invoke 28 U.S.C. § 1446(c)(1), making removal timely.[2] When considering the totality of Plaintiffs' litigation conduct as described above, in addition to the recent deposition

---

[1] After Ms. Morin's deposition, Defendants served a subpoena *duces tecum* on Mr. Kelley's mother, Glenda Kelley. The subpoena seeks an oral deposition of Glenda Kelley, as well as documents in her possession relating to this matter. The deposition has been scheduled for October 5, 2021, at which time Defendants may obtain further information relevant to this Notice. However, Defendants seek to remove as promptly as possible following Ms. Morin's deposition, rather than delaying until after Glenda Kelley is deposed.

[2] Indeed, Defendants have at all times acted diligently with respect to removal. Defendants recognized that Plaintiffs did not intend to pursue claims against Ms. Morin and took all necessary and appropriate steps to ensure this Court had the ability to exercise jurisdiction over the case, including timely filing the original notice of removal, as well as a motion to dismiss Ms. Morin from the action based on being an improperly-joined non-diverse party. Defendants' Motion to Dismiss Defendant Morin for Improper Joinder, attached as **Exhibit K**. Plaintiffs, however, were able to secure a remand by doing the bare minimum to assert—but never pursue—a claim against Ms. Morin.

testimony of Ms. Morin—which gave clear and unequivocal proof of Plaintiffs' bad faith—it is clear that Plaintiffs have, since the inception of this suit, acted in bad faith to prevent Defendants from removing this action to federal court.

The Fifth Circuit has explained that when it comes to bad faith, "the question is what motivated plaintiff *in the past*—that is, whether the plaintiff's litigation conduct [was] meant 'to prevent a defendant from removing the action.'" *Flores*, 2020 WL 6385679, at *3 (citing *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 293 (5th Cir. 2019)) (emphasis in original). As set forth above, Ms. Morin admitted to working with Plaintiffs with the express understanding that Plaintiffs never intended to pursue claims against her and based on their assurance that she was added to the case solely to defeat diversity. *See* section III(d)(1), *supra*. Plaintiffs' failure to pursue their claim against Ms. Morin—with no default judgment sought and no discovery propounded—further demonstrates bad faith. *See, e.g.*, *Flores*, 2020 WL 6385679, at *4 (in denying plaintiffs' motion to remand, based upon a finding of bad faith, this Court found it highly persuasive that Plaintiffs never, for over a year, sought a default judgment against the improperly-joined defendant for failing to answer the petition, and that, coupled with the lack of discovery requests to such defendant, "go[es] directly to the half-hearted pursuit of a claim" and strike[s] the Court as "pretextual").

In sum, Plaintiffs' pursuit of their claim against Ms. Morin has been non-existent. And Ms. Morin's testimony now confirms why—she is in the case solely for purposes of destroying diversity. On these facts, there can be no conclusion other than that Plaintiffs have acted in bad faith to keep Ms. Morin in the case to prevent Defendants from removing it. Plaintiffs should not continue to benefit from their improper conduct, and this case should remain on this Court's docket.

## IV. CONCLUSION

For the reasons stated herein, Defendants respectfully request that the Court find Ms. Morin was improperly joined and that Plaintiffs acted in bad faith to prevent Defendants from removing

this action, retain this case on the Court's trial docket, and grant all other relief to which Defendants

may be entitled.

Dated: September 30, 2021                              Respectfully submitted,

                                                       **GREENBERG TRAURIG, LLP**
                                                       By: */s/ Mary-Olga Lovett*
                                                       **Mary-Olga Lovett**
                                                       State Bar No. 00789289
                                                       lovettm@gtlaw.com
                                                       **Aimee Housinger**
                                                       State Bar No. 24083203
                                                       housingera@gtlaw.com
                                                       **Kyle B. Dugan**
                                                       State Bar No. 24097625
                                                       duganky@gtlaw.com
                                                       1000 Louisiana Street, Suite 1700
                                                       Houston, TX 77002
                                                       Tel: (713) 374-3500
                                                       Fax: (713) 374-3505

                                                       **Lori G. Cohen** *(pro hac vice)*
                                                       CohenL@gtlaw.com
                                                       **Brandon D. Cox** *(pro hac vice*)
                                                       CoxB@gtlaw.com
                                                       Terminus 200
                                                       3333 Piedmont Road, N.E.
                                                       Suite 2500
                                                       Atlanta, Georgia 30305
                                                       (678) 553-2100
                                                       (678) 553-2212

                                                       ***Attorneys for Defendants Mattel, Inc. and***
                                                       ***Fisher-Price, Inc***.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 30, 2021, I electronically filed the foregoing using the

CM/ECF system and served on all counsel of record via CM/ECF.

       Jason A. Itkin
       Noah M. Wexler
       Ben Bireley
       Jake Balser
       ARNOLD & ITKIN LLP
       6009 Memorial Drive
       Houston Texas 77007
       *Attorneys for Plaintiffs*

                                      */s/ Aimee Housinger*
                                        Aimee Housinger